IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAMON MENDOZA and LAURA MENDOZA,

Plaintiffs,

vs.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, JOHN DOES,
#1-5, JEFF DAVIS, Sheriff, Sarpy County,
Nebraska; and JOHN DOES, #6-10,

Defendants.

**8:13CV65**

**MEMORANDUM AND ORDER**

This case is before the court on the Immigration and Customs Enforcement's (ICE) motion to dismiss (Filing No. 16) and the plaintiffs' objection (Filing No. 33) to the magistrate judge's order to stay discovery (Filing No. 28). In addition, Sarpy County Sheriff Jeff Davis (Davis) objects to a portion of the relief sought. Filing No. 30. The plaintiffs also move to amend their original complaint. Filing No. 39.

**BACKGROUND**

On March 5, 2010, police officers stopped Ramon Mendoza (Mr. Mendoza) in Sarpy County, Nebraska. The officers stopped Mr. Mendoza because there was a medal dangling from his rear view mirror that was a potential obstruction to driver visibility. After stopping Mr. Mendoza, the officers learned that he was driving without a current driver's license or proof of insurance. The officers took Mr. Mendoza to Sarpy County jail and booked him. Mr. Mendoza is a United States citizen of Mexican descent. He truthfully answered the officers' questions when they asked for his Social Security number and other biographical information.

After answering these questions, Mr. Mendoza was detained in a jail cell.   John Does 6-10, who were Sarpy County jail employees, contacted ICE to determine if there was a detainer on Mr. Mendoza.[1]   John Does 1-5, who were ICE employees, informed John Does 6-10 that there was a detainer on Mr. Mendoza.[2]   John Does 1-5 were incorrect in making this assertion.   Mr. Mendoza was unable to post bond due to the alleged ICE detainer upon him.

John Does 6-10 held Mr. Mendoza in Sarpy County jail for nearly four days.   Mr. Mendoza alleges that John Does 6-10 subjected him to multiple insults, most of which were racially motivated.   Mr. Mendoza also claims that John Does 6-10 told him that he would serve a ten-year federal prison sentence and then be deported to Mexico.   Mr. Mendoza's family brought his certificate of citizenship, Social Security card, birth certificate, marriage license, and U.S. passport to Sarpy County jail on multiple occasions to attempt to prove Mr. Mendoza's citizenship.   Despite the family's efforts, John Does 6-10 refused to review these documents or allow Mr. Mendoza to post bond.   Additionally, Mr. Mendoza was not allowed to see his family, use a telephone, go into the common areas of the jail, or contact legal counsel.

On May 8, 2010 (the fourth day of his detention), Mr. Mendoza cut one of his wrists in an attempt to commit suicide.   On that same day, John Does 1-5 transmitted a document to Sarpy County jail stating that ICE did not actually have a detainer on Mr.

---

[1] ICE issues "detainers" on individuals to inform other agencies that the individual may not be in the United States legally and are potentially subject to arrest and deportation.

[2] The plaintiffs' original complaint (Filing No. 1 ¶19) alleged that John Does 1-5 stated that they could not conclusively confirm a detainer.   However, the Sarpy County Sheriff states that John Does 1-5 affirmatively represented that there was a detainer on Mendoza (Filing No. 19 ¶14).   The plaintiffs and the magistrate judge have since adopted the latter version of the facts.

Mendoza.  The document was dated March 5, 2010, the day of Mr. Mendoza's original detention.  John Does 6-10 released Mr. Mendoza after receiving the document.  Upon being released, Mr. Mendoza's wife took him to the hospital, where he was treated for dehydration and emotion distress.

Mr. Mendoza alleges that he continues to experience anxiety and depression as a result of the incident.  He was later diagnosed with post-traumatic stress disorder due to his detention.  Mr. Mendoza claims that he is unable to work due to these conditions.  His wife, Laura Mendoza (Mrs. Mendoza), joined the workforce to replace the lost income and support their family.  In addition, Mr. Mendoza states that his family ceased to feel safe in Nebraska as a result of this incident, and his family has since moved out of state for this reason.

Mr. Mendoza forwarded an administrative claim to ICE on March 3, 2011.  ICE subsequently denied the claim on February 1, 2012.  In response to the denial of their administrative claim, Mr. and Mrs. Mendoza filed a complaint against ICE, John Does 1-5, John Does 1-6, and the Sarpy County Sheriff on February 28, 2013.  Filing No. 1. The complaint lists six separate theories of relief.  The first fives theories seek damages pursuant to 42 U.S.C § 1983, 28 U.S.C. §§ 1346(b) & 2680 *et seq.* (the Federal Tort Claims Act), and Neb. Rev. Stat. § 13-901 *et seq.* (the Nebraska Political Subdivisions Tort Claims Act).  The sixth theory of relief is a loss of consortium claim on behalf of Mrs. Mendoza.  *See id.*

ICE moves to dismiss, claiming that the court lacks jurisdiction over the subject matter of this action.  Filing No. 16.  In its motion to dismiss, ICE establishes several areas in which the plaintiffs' original complaint is deficient.  *See id.*  ICE also filed a

motion to stay discovery concurrently with its motion to dismiss.  *See* Filing No. 20.
This motion allegedly prevents the plaintiff from determining the identities of John Does
1-5.  The magistrate judge granted the motion to stay discovery.  Filing No. 28.  The
plaintiffs object to the magistrate judge's order.  Filing No. 33.  In response to ICE's
motion to dismiss, the plaintiffs move to amend their complaint.  Filing No. 39.

In addition to ICE's motions, Jeffery Davis (Davis), the Sarpy County Sheriff,
objects to a portion of the relief the plaintiffs seek in a reply brief.  Filing No. 30, s*ee*
Filing No. 29 at 6.  Davis contends that Sarpy County should not be required to reveal
the identities of John Does 6-10, as the individuals may never have engaged in the
conduct the plaintiffs allege.  See *id.*  Davis also argues that John Does 6-10 might no
longer work at the Sarpy County jail.  *See id.*  Finally, Davis argues that the plaintiffs
should be able to deduce their identities through documentation previously provided to
them.  *See id.*

## DISCUSSION

### A.  Motion to amend complaint (Filing No. 39)

A district court should freely give leave to amend a complaint when justice so
requires.  Fed. R. Civ. P. 15(a).  ICE argues that allowing Mr. and Mrs. Mendoza to
amend their complaint at this stage is unfairly prejudicial for the defendants.  However,
the court notes that it is still very early in these proceedings, and the court finds little
evidence to suggest that ICE would suffer prejudice if the plaintiffs are allowed to
amend their complaint.  "A decision whether to allow a party to amend her complaint is
left to the sound discretion of the district court . . . " *Popoalii v. Correctional Medical
Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d

4

452, 454 (8th Cir. 1998)).  Thus, the court grants the plaintiffs' motion to amend (Filing No. 39). The plaintiffs will have five days to file their amended complaint from the date that this memorandum and order is issued.

**B.  ICE's motion to dismiss (Filing No. 16)**

Because the court grants Mr. and Mrs. Mendoza's motion to amend the complaint (Filing No. 39), ICE's motion to dismiss the original complaint (Filing No. 16) is moot.  Once the plaintiffs file an amended complaint, ICE may submit a renewed motion to dismiss that is responsive to the amended complaint.

**C.  Objection to the magistrate judge's order (Filing No. 33)**

The magistrate judge ordered a stay of all discovery in this case pending a resolution on ICE's motion to dismiss.  *See* Filing No. 28.  The court affirms the magistrate judge's findings of law and fact in their entirety.  In this case, the pending motion to dismiss is a proper reason to stay discovery.  The court also agrees with the magistrate judge's finding that the plaintiffs suffer no undue prejudice as a result of the stay on discovery.  Therefore, the plaintiffs' objection to the order (Filing No. 33) is overruled pending ICE's filing a renewed motion to dismiss based on the amended complaint.  If ICE does not file a renewed motion to dismiss in response to the amended complaint, the magistrate judge will lift the stay on discovery.  If ICE does file a new motion to dismiss, the court will rule on the motion at that time.

**D.  Davis's objection to a portion of the relief sought (Filing No. 30)**

In one of their briefs, the plaintiffs request that the court order ICE and Davis to reveal the identities of all John Does in this case.  *See* Filing No. 29.  Davis objects to this request, arguing he should not be required to disclose the identities of John Does 6-

10.  The court will not order Davis to reveal the identities of John Does 6-10 based upon a request in a brief.  This is a matter more appropriately settled through the discovery process.  Contrary to Davis's argument, however, a Sarpy County jail file provided to the plaintiffs' attorney almost two years ago is not a sufficient substitute for discovery. The discovery process is also the most effective tool for the plaintiffs to determine if John Does 6-10 actually engaged in the conduct alleged.  Finally, the court concludes that the fact that some or all of John Does 6-10 may no longer work at Sarpy County jail is inconsequential.

## CONCLUSION

Mr. and Mrs. Mendoza's motion to amend their complaint is granted (Filing No. 39).  ICE's motion to dismiss the original complaint (Filing No. 16) is denied as moot. The magistrate judge's findings of law and fact are adopted in their entirety (Filing No. 28), and the plaintiffs' objection to the judge's order to stay discovery (Filing No. 33) is overruled pending ICE's filing a renewed motion to dismiss. Davis's objection to a portion of the relief sought (Filing No. 30) is overruled at this time.

THEREFORE IT IS ORDERED:

1.  The plaintiffs' motion to amend their complaint, Filing No. 39, is granted.

2.  The plaintiffs shall file an amended complaint on or before **September 18, 2013.**

3.  ICE's motion to dismiss the original complaint, Filing No. 16, is denied as moot.

4.  The magistrate judge's findings of law and fact, Filing No. 28, are adopted in their entirety.

5.  The plaintiffs' objection to the magistrate judge's order to stay discovery, Filing No. 33, is overruled, pending ICE's filing a renewed motion to dismiss.

6.  Davis's objection to a portion of the relief sought, Filing No. 30, is overruled for the reasons set forth herein.

Dated this 3rd day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge