IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAMON MENDOZA, | ) | CASE NO. 8:13 CV 65 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND REQUEST** |
| | ) | **FOR JURY TRIAL** |
| | ) | **(AMENDED)** |
| JUSTIN OSTERBERG, individually; | ) | |
| JOHN DOES #1-5, individually, | ) | |
| SARPY COUNTY, NEBRASKA | ) | |
| SHERIFF JEFF DAVIS, and | ) | |
| JOHN DOES #6 - 10, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ramon Mendoza alleges:

1. He is a citizen of the United States. At all dates relevant to this amended complaint he resided in Sarpy County, Nebraska and he was subject to the jurisdiction, equal protection of laws, and privileges and immunities of the United States and the State of Nebraska. (Exhibit A, attached)

2. U.S. Immigration and Customs Enforcement (ICE) is an agency of the United States government. It is part of the federal Department of Homeland Security.

3. At all times relevant to this amended complaint Defendant Justin Osterberg was upon information and belief employed by ICE and/or otherwise authorized to act on behalf of ICE under color of federal law. He is sued as an individual.

4. Defendants "John Doe" 1-5 were upon information and belief employed by ICE on March 5-8, 2010 and/or otherwise authorized to act on behalf of ICE under color of federal law. They are sued as individuals. At the filing of this amended complaint

1

Mendoza does not know the name of each John Doe as discovery has not yet taken place.

5. Defendant Sarpy County, Nebraska is a political subdivision created by the laws of the state of Nebraska.

6. Defendant Sarpy County Sheriff Jeff Davis is a duly elected official empowered by law to operate and control the county jail for Sarpy County. Every act or omission attributed to him alleged in this amended complaint occurred in the course of his employment under color of state law.

7. Defendants "John Doe" 6-10 were upon information and belief employed by Sarpy County to work at the Sarpy County Jail on March 5-8, 2010 and/or otherwise authorized to act on behalf of Sarpy County under color of state law. They are sued as individuals. At the filing of this amended complaint Mendoza does not yet know the name of each John Doe as discovery has not yet taken place.

8. Mendoza brings this action pursuant to 42 U.S.C. § 1983; U.S. Const. Amends. IV, V, VIII, X and XIV; Neb. Const. Art. I, §§ 3, 7 and 9; Neb. Rev. Stat. § 13-901 *et seq.*, and other applicable provisions of Nebraska and federal law.

9. Pursuant to U.S. Const. Amends. IV, V, VI, VIII and XIV and Neb. Const. Art. 1, §§ 1, 3, 7, 9 and 11, at all times relevant to this amended complaint Mendoza had the following clearly established rights:

    a. to be free from unreasonable seizure of his person and property;
    b. to liberty, and to not be detained without a lawful basis;
    c. substantive and procedural due process of law;
    d. equal protection under the law;
    e. the right to counsel;
    f. to be free from being subjected to unlawful and excessive force;

      g. to be permitted to timely post reasonable bail for misdemeanor criminal charges.

10. Prior to filing this action Mendoza administratively presented his claims to appropriate governing bodies according to the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 *et seq.* and the Federal Tort Claims Act, 28 U.S.C.A. § 2680 *et seq.* None responded to the merits of Mendoza's claims.

11. At about 4 p.m. on Friday, March 5, 2010, Mendoza was driving his automobile near 719 North Washington St. in Papillion, Sarpy County, Nebraska.

12. Law enforcement officers directed Mendoza to stop in a parking lot near that location. Mendoza did so.

13. The officers told Mendoza they stopped him to investigate an obstruction to driver visibility in Mendoza's vehicle. A small medal on a ribbon hung from the interior rear view mirror attached to the vehicle's windshield. A cloth Mexican flag, folded flat, lay on the interior shelf adjoining the vehicle's rear window.

14. The officers determined that Mendoza did not have a current driver's license or proof of automobile insurance. They arrested him. Mendoza was transported without incident to the Sarpy County jail and booked on state charges of driving under revocation of license and no proof of insurance, both Class II misdemeanors, and an infraction charge for visibility obstruction.

15. No other criminal charges or outstanding arrest warrants for Mendoza existed on March 5, 2010. Mendoza had no prior convictions for felonies, crimes of violence, narcotics or firearms.

16. At the Sarpy County jail Mendoza truthfully stated his name, address, telephone number, Social Security number and all other information requested of him.

Mendoza reasonably believed that his personal identification information, including his fingerprints and proof of American citizenship, were already entered in the jail's records since he served a short sentence there in 2008 for a misdemeanor conviction.

17. Upon information and belief, on March 5, 2010 the records of the Sarpy County jail contained information that confirmed that Mendoza was an American citizen, and/or legally present in the United States.

18. John Does 6-10 placed Mendoza in a locked jail cell while they completed the charging and booking process.

19. Without alerting Mendoza John Does 6-10 contacted ICE, Osterberg and/or John Does 1-5 to inquire whether ICE had a "detainer" on Mendoza.

20. Upon information and belief, ICE issues "detainers" to advise other law enforcement agencies that ICE seeks custody of an alien not legally in the United States, for the purpose of deporting the alien.

21. At all times relevant to this amended complaint ICE and its employees including Osterberg and John Does 1-5 had ready access to identification databases including but not limited to the National Crime Information Center (NCIC), the Department of Homeland Security United States Visitor and Immigrant Status Indicator Technology (US-VISIT) Program's Automated Biometric Identification System (IDENT), and the Federal Bureau of Investigation's (FBI) Criminal Justice Information Services (CJIS) Division Integrated Automated Fingerprint Identification System (IAFIS). Upon information and belief, some or all of these databases contained accurate information about Mendoza, including his American citizenship.

4

22. At all times relevant to this amended complaint Sarpy County, Davis, and John Does 6-10 had access to some or all of the databases in the preceding paragraph.

23. At all times relevant to this amended complaint ICE, Osterberg and John Does 1 - 5 had no actual or constructive knowledge of a valid legal basis to detain Mendoza based on his citizenship or his presence in the United States. However, they transmitted a written detainer to John Does 6-10 to hold Mendoza. (Exhibit B, attached) The ICE detainer represented that Mendoza was "Rdy for P/U 3/5/10".

24. ICE, Osterberg and John Does 1-5 did not speak to Mendoza, or afford him an opportunity to provide proof of his American citizenship.

25. Sarpy County, Davis and John Does 6-10 did not question the validity of the ICE detainer.

26. Sarpy County, Davis and John Does 6-10 did not check the jail's own records to ascertain Mendoza's citizenship status.

27. John Does 6-10 told Mendoza that he could not be released from jail because of the ICE detainer.

28. John Does 6-10 told Mendoza that he could not post bail for his release from jail because of the ICE detainer.

29. John Does 6-10 did not provide Mendoza with a copy of the ICE detainer, ICE policies or procedures, detainee request forms, envelopes or a writing instrument.

30. No Defendant provided Mendoza with information or means to inquire about or challenge the ICE detainer.

31. Mendoza reiterated his name, address, Social Security number, U.S. citizenship and U.S. passport status to John Does 6-10. Mendoza urged them to

confirm this and all information about him, including his fingerprints, by reviewing the jail file information from Mendoza's 2008 misdemeanor sentence. John Does 6-10 did not do so or avail themselves of other means to verify Mendoza's citizenship and identity.

32. In the jail Mendoza was confined in a locked cell with two men who were ICE detainees, neither of whom spoke English. Mendoza was not permitted to use a telephone to contact legal counsel or his family. Mendoza was not allowed to leave the cell for exercise, or to go to common areas in the jail.

33. In the jail John Does 6-10 taunted Mendoza, insisting that he was an illegal Mexican alien that "fooled us then but we've got you now", and that Mendoza would serve a ten-year prison sentence, then be deported to Mexico.

34. In the jail John Does 6-10 showed Mendoza a picture of a swastika and insulted him, including but not limited to:

    a. "Every spic eats our [jail staff] spit in our jail."
    b. "Don't talk to me, and don't think we have anything in common, motherfucker."
    c. "You're a wetback here illegally."

35. Mendoza was detained at the Sarpy County jail against his will Friday, March 5 - Monday, March 8, 2010.

36. There was no lawful basis to detain Mendoza at the Sarpy County jail March 5 - 8, 2010.

37. There was no lawful basis to refuse to allow Mendoza to post a reasonable bond March 5-8, 2010 to effectuate his release from jail.

38. Mendoza's wife Laura Mendoza, and Mendoza's son went to the Sarpy County jail at least five (5) times during March 5 - 8, 2010, bringing Mendoza's

certificate of U.S. citizenship, his Social Security card, his birth certificate, his American marriage license and his U.S. passport in order to prove Mendoza's American citizenship and secure his release. Laura Mendoza also brought cash to post bond for Mendoza's release.

39. John Does 6-10 refused to admit Laura Mendoza to the jail facility, refused to review the documents she brought to prove Mendoza's American citizenship, and refused to allow her to post bond for Mendoza's release.

40. John Does 6-10 refused to allow Laura Mendoza to see or speak with Mendoza. They did not notify Mendoza of his wife's efforts to gain his release.

41. As a direct, proximate result of his detention Mendoza became increasingly distressed and despondent. On March 8, 2010, Mendoza cut one of his wrists with the thought of ending his life.

42. At 8:31 a.m. on March 8, 2010, ICE, Osterberg and John Does 1-5 transmitted a facsimile document to the Sarpy County jail cancelling the ICE detainer. The ICE cancellation document was dated March **5**, 2010. ICE, Osterberg and John Does 1-5 faxed it to the Sarpy County jail on March **8**, 2010. (Exhibit C, attached)

43. The cancellation of the ICE detainer stated *inter alia* "Please cancel the detainer previously placed by this Service on 3/05/2010 is Lawful Permanent Resident Charges Don't Work for him." [*sic*]

44. Mendoza was released from the Sarpy County jail around 4 p.m. on March 8, 2010.

45. Immediately upon Mendoza's release Laura Mendoza took him to a hospital emergency room, where he was treated for dehydration and emotional distress.

7

46. As a direct, proximate result of his unlawful confinement in the Sarpy County jail March 5-8, 2010, Mendoza experienced and continues to experience anxiety, depression and emotional distress.  He was diagnosed with post-traumatic stress disorder from which he still suffers, and he has been unable to work. Laura Mendoza had to leave her responsibilities as fulltime caregiver of their six children and return to the workforce in order to support the family.  As a direct, proximate result of Mendoza's unlawful confinement he and his family feared for their safety in Nebraska and they moved out of the state, incurring expenses therefor.

47. As a direct, proximate result of Mendoza's unlawful confinement in the Sarpy County jail March 5-8, 2010, Mendoza has incurred more than $10,000.00 in costs for medical and counseling care, moving costs, and lost wages.  He has also sustained general damages.

**THEORY OF RECOVERY:   42 U.S.C. § 1983 (State Defendants)**

48. The allegations in paragraphs 1 through 47 are incorporated by reference as though fully set forth.

49. The ICE detainer at issue was not governed by the Interstate Agreement on Detainers, 18 U.S.C. Appx. § 2, p. 692.

50. The ICE detainer at issue was not evidence that Mendoza was deportable.

51. The ICE detainer at issue was not evidence that Mendoza had committed a crime.

52. The ICE detainer at issue was not supported by a verified affidavit, warrant or order of any court of law.

8

53. On the facts of this case the ICE detainer was insufficient legal authority to deprive Mendoza of his liberty March 5-8, 2010.

54. On the facts of this case the ICE detainer was insufficient legal authority to deny Mendoza the opportunity to have reasonable bond set and posted for his release from jail.

55. Sarpy County, Davis and John Does 6-10 knew or should have known that there was no valid legal authority to detain Mendoza at the Sarpy County jail on March 5 – 8, 2010.

56. By seizing and detaining Mendoza as alleged in this amended complaint, Sarpy County, Davis and John Does 6-10 violated Mendoza's clearly established rights to:

   a. be free from unreasonable seizure of his person and property;
   b. liberty, and to not be detained without a lawful basis;
   c. substantive and procedural due process of law;
   d. equal protection under the law;
   e. the right to counsel;
   f. be free from being subjected to unlawful and excessive force;
   g. be permitted to timely post reasonable bail for misdemeanor criminal charges.

57. By seizing and detaining Mendoza as alleged herein, the actions of Sarpy County, Davis and John Does 6-10 were not objectively reasonable.

58. As a direct, proximate result of the acts of Sarpy County, Davis and John Does 6-10 alleged herein, Mendoza sustained injuries, pain and suffering, and damages.

9

59. Defendants Sarpy County, Davis and John Does 6-10 are liable to Mendoza for his damages.

**THEORY OF RECOVERY: Neb. Rev. Stat. §§ 13–901 *et seq.* (State Defendants)**

60. The allegations in paragraphs 1 through 47 are incorporated by reference as though fully set forth.

61. On March 5-8, 2010, Sarpy County, Davis and John Does 6-10 had the following duties to Mendoza:

   a. To not unreasonably seize or detain Mendoza without a lawful basis;
   b. To afford Mendoza substantive and procedural due process of law;
   c. To afford Mendoza equal protection under the law;
   d. To afford Mendoza the right to counsel;
   e. To not use unlawful or excessive force on Mendoza;
   f. To allow Mendoza to post reasonable bail for misdemeanor criminal charges.
   g. To abide by the terms and requirements of an intergovernmental service agreement (IGSA) with ICE to hold detainees subject to standards set by ICE.

62. Sarpy County, Davis and John Does 6-10 negligently breached those duties as follows:

   a. By failing to timely ascertain the fact of Mendoza's American citizenship;
   b. By failing to timely and properly investigate the legal adequacy of the ICE detainer as a basis to hold Mendoza;
   c. By detaining Mendoza at the Sarpy County jail March 5-8, 2010 without a valid lawful basis to do so;
   d. By denying Mendoza his clearly established rights to due process, equal protection under the laws, the right to counsel, the right to be free from excessive force, and the right to post bail for his release;

e. By failing to abide by the terms and requirements of an intergovernmental service agreement (IGSA) with ICE to hold detainees subject to standards set by ICE, including but not limited to providing Mendoza with copies of the detainer, ICE policies, and means for Mendoza to express inquiries and grievances;

f. By failing to expeditiously release Mendoza from the Sarpy County jail upon receipt of ICE's cancellation of the detainer.

63. As a direct, proximate result of these breaches Mendoza was unlawfully detained at the Sarpy County jail March 5-8, 2010 and he sustained injuries, pain and suffering, and damages.

64. Sarpy County, Davis and John Does 6-10 are liable to Mendoza for his damages.

**THEORY OF RECOVERY:  42 U.S.C. § 1983 Municipal liability (State Defendants)**

65. The allegations set forth in paragraphs 1 through 47 are incorporated by reference as though fully set forth.

66. Sarpy County and Davis had a duty to develop, implement and enforce policies, regulations, and procedures to prevent the wrongful seizure and detainer of American citizens based on false or unsubstantiated allegations. These Defendants had a duty to train and supervise their employees in the application of such policies, regulations and procedures.

67. The inevitable result of detaining Mendoza, an innocent American citizen, based on false or unsubstantiated allegations in the ICE detainer, constitutes a violation of the clearly established rights set forth in paragraph 9, *supra*.

68. Upon information and belief, at all times relevant to this amended complaint it was the standard custom, policy and practice of Sarpy County and Davis to treat ICE

detainers as *de facto* authority to detain individuals with little or no independent verification regarding the detainer's factual accuracy or actual validity.

69. The inadequacy of that custom, policy and practice was so obvious, and so likely to result in the violation of constitutional rights, that Sarpy County and Davis knew or should have known that a constitutional violation was inevitable.

70. Sarpy County and Davis were deliberately indifferent to the inadequacy of that custom, policy and practice and the resulting violation of Mendoza's clearly established constitutional rights. Their deliberate indifference was not objectively reasonable.

71. As a direct, proximate result thereof, Mendoza was wrongly seized and detained causing him injuries, pain and suffering, and damages.

72. Sarpy County and Davis are liable to Mendoza for his damages.

**THEORY OF RECOVERY: *Bivens* claim (Federal Defendants)**

73. The allegations set forth in paragraphs 1 through 47 are incorporated by reference as though fully set forth.

74. At all times relevant to this amended complaint Osterberg and John Does 1-5 had these duties:

   a. to maintain and use only accurate information about persons ICE sought to detain, including Mendoza;
   b. to accurately, timely report this information to other law enforcement agencies;
   c. to not effect, assist or allow the seizure and detainer of innocent American citizens, including Mendoza, without valid legal cause and jurisdiction.

75. Osterberg and John Does 1-5 breached these duties by:

  a. Failing to maintain or use accurate information regarding Mendoza, including his American citizenship;
  b. Transmitting an ICE detainer form to Sarpy County, Davis and John Does 6-10 to detain Mendoza without first accurately ascertaining his citizenship;
  c. Failing to expediently notify Sarpy County, Davis and John Does 6-10 that the detainer was invalid because Mendoza was an American citizen and there was no lawful basis to detain him.

76. As a direct, proximate result of these breaches Mendoza was wrongly seized and detained, causing him injuries, pain and suffering, and damages.

77. Osterberg and John Does 1-5 are liable to Mendoza for his damages.

**THEORY OF RECOVERY: 42 U.S.C. § 1985(3) (Defendants Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10)**

78. The allegations in paragraphs 1 through 47 are incorporated by reference as though fully set forth.

79. Plaintiff's physical appearance and ethnic origins are typical of Mexico, the country of his birth. His hair is black, and his skin color is brown. His name is Hispanic in origin and sound.

80. At all times relevant to this amended complaint ICE and its employees, including Osterberg and John Does 1-5, were subject to recently, greatly increased per-agent quotas for deporting ("removing") non-criminal aliens from the United States. (Exhibit C, attached)

81. Osterberg and John Does 1-5 knew or reasonably should have known that inadequate investigation by them was likely to result in unlawful detention of persons like Mendoza not subject to deportation or ICE jurisdiction.

13

82. Sarpy County, Davis and John Does 6-10 knew or reasonably should have known that inadequate investigation by them was likely to result in unlawful detention of persons like Mendoza not subject to deportation or ICE jurisdiction.

83. In committing the acts ascribed to each set forth in this amended complaint, Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 acted in conspiracy with each other.

84. On the facts of this case the purpose and effect of the conspiracy of Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 was to wrongfully deprive Mendoza of equal protection of the laws, equal privileges and immunities under the laws, and his liberty.

85. In furtherance of that conspiracy Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 committed the following acts:

   a. Detaining Mendoza without valid legal cause;
   b. Failing to timely, appropriately investigate Mendoza's American citizenship before transmitting the ICE detainer and acting upon it;
   c. Failing to timely, appropriately investigate or verify the fact of Mendoza's American citizenship while Mendoza was held at the Sarpy County jail;
   d. Failing to timely, appropriately notify each other regarding the fact of Mendoza's American citizenship to effectuate his release;
   e. Failing to allow Mendoza to have bond set and posted for his release;
   f. Failing to expediently release Mendoza from the Sarpy County jail after the ICE detainer was finally cancelled.

86. The actions of Defendants Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 were based at least partly on "racial profiling" and/or bias against Mendoza based on his Hispanic appearance, name, ethnicity and national origin.

87. Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 conspired and acted with deliberate indifference to the likelihood that Mendoza's clearly established substantive rights alleged in paragraph 9, above, would be and were violated.

88. On the facts of this case the actions of Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 were offensive, shocking and not objectively reasonable.

89. As a direct, proximate result of the acts Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 committed in conspiracy with each other, Mendoza was unlawfully detained March 5-8, 2010 and he sustained damages as alleged herein.

90. Osterberg, John Does 1-5, Sarpy County, Davis and John Does 6-10 are liable to Mendoza for his damages.

## REQUEST FOR RELIEF

On the basis of these forgoing claims, Plaintiff Ramon Mendoza requests the following relief to be awarded in his favor and against Defendants, apportioned among them as determined by the trier of fact:

   a. Special damages in the amount of $10,000.00 or as proven by the trial evidence;
   b. General damages;
   c. Punitive damages;
   d. Attorneys fees and costs of this action; and
   e. All other appropriate relief.

*PLAINTIFF REQUESTS TRIAL BY JURY IN OMAHA, NEBRASKA.*

DATED this 18th day of September, 2013.

                          RAMON MENDOZA, Plaintiff

BY: /s/ Denise E. Frost
     Denise E. Frost, #18794
     Clarence E. Mock, #15543
     JOHNSON & MOCK
     9900 Nicholas St., #225
     Omaha, NE 68114
     (402) 346-8856
     dfrost@johnsonandmock.com
     cmock@johnsonandmock.com

     Cooperating Attorneys for the
     ACLU Foundation

     and

     Amy A. Miller #21050
     ACLU Nebraska Foundation
     941 O Street #706
     Lincoln NE 68508
     (402) 476-8091
     amiller@aclunebraska.org

## CERTIFICATE OF SERVICE

I certify that on September 18, 2013, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Assistant U.S. Attorneys Laurie Barrett (laurie.barrett@usdoj.gov) and Lynett Wagner (lynnett.m.wagner@usdoj.gov), and to Vincent Valentino (vv@windstream.net).

                          /s/ Denise E. Frost

# THE UNITED STATES OF AMERICA

No. 26183629

## CERTIFICATE OF NATURALIZATION



*Personal description of holder as of date of naturalization:*

Date of birth: AUGUST 31, 1964

Sex: MALE

Height: 6 feet 1 inches

Marital status: MARRIED

Country of former nationality: MEXICO



INS Registration No. A070975159

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

*Ramón Mendoza Gallegos*
(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Attorney General*

at: OMAHA, NEBRASKA

*The Attorney General having found that:*

RAMON MENDOZA GALLEGOS

*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

US DISTRICT COURT STATE OF NEBRASKA

at: OMAHA, NEBRASKA    on: APR 2 7 2001

*that such person is admitted as a citizen of the United States of America.*

*Commissioner of Immigration and Naturalization*

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

## DEPARTMENT OF JUSTICE

FORM N-550 REV. 6-91

EXHIBIT A

**Department of Homeland Security**
**Immigration and Customs Enforcement**                                    **Immigration Detainer - Notice of Action**

File No. 090342187
Date: 03/05/2010

DR# 00110657        Booking # 0000

To: (Name and Title of Institution)
Sarpy County Jail
1210 Golden Gate Drive

Papillion, NB 68046
Or Any Subsequent Law Enforcement Agency

From: (ICE Office Address)
Immigration and Customs Enforcement
Detention & Removal Office
401 1st Street SE, Suite 300
Cedar Rapids, IA 52401
3193643280

Name of alien: MENDOZA-GUTIERREZ, RAMON

Date of birth: 08311964        Nationality: MEXICO        Sex: M

You are advised the action noted below has been taken by U.S. Immigration & Customs Enforcement concerning the above named inmate of your Institution:

[X] Investigation has been initiated to determine whether this person is subject to removal from the United States.

[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____.

[ ] A Warrant of Arrest in removal proceedings, a copy of which is attached, was served on _____.

[ ] Deportation or removal from the United States has been ordered.

It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

[X] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for ICE to assume custody of the alien. You may notify ICE by calling _____ during business hours or _____ after hours in an emergency.

[ ] Please complete and sign the bottom block of the duplicate of this form and return it to this office. [ ] A self-addressed stamped envelope is enclosed for your convenience. [ ] Please return a signed copy via facsimile to _____.

Return fax to the attention of your local field office.

[X] Notify this office of the time of release, at least 30 days prior to the release or as far in advance as possible.

[X] Notify this office in the event of the inmate's death or transfer to another institution.

[ ] Please cancel the detainer previously placed by this Service on _____.

JUSTIN OSTERBERG, IEA
(Signature of ICE official on file)                    (Title of ICE official)

Receipt acknowledged. 00110657

Date of latest conviction _____ Latest conviction charge _____
Estimated release date: _____

Signature and title of official _____

Rdy for P/u 3/5/10

Form I-247 (Rev. 4-1-97)

EXHIBIT B

# HP LaserJet M1522nf MFP
# Fax Confirmation Report

HP LASERJET FAX

Mar-8-2010  09:32

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 905 | 3/ 8/2010 | 08:31:42 | Receive | 5159616188 | 0:26 | 1 | OK |



EXHIBIT
C
(2 pgs)

Department of Homeland Security
Immigration and Customs Enforcement

Immigration Detainer - Notice of Action

File No. 093342287
Date: 03/03/2010

DR# 00110657   Booking # 0000

To: (Name and Title of Institution)
Sarpy County Jail
1210 Golden Gate Drive
402-593 4313
Papillion, NE 68046
Or Any Subsequent Law Enforcement Agency

From: (ICE Office Address)
Immigration and Customs Enforcement
Detention & Removal Office
401 1st Street SE, Suite 300
Cedar Rapids, IA 52401
3193643280

Name of alien: MENDOZA-GUTIERREZ, RAMON

Date of birth: 08311964   Nationality: MEXICO   Sex: M

You are advised the action noted below has been taken by U.S. Immigration & Customs Enforcement concerning the above named Inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____.

☐ A Warrant of Arrest in removal proceedings, a copy of which is attached, was served on _____.

☐ Deportation or removal from the United States has been ordered.

It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and federal holidays) to provide adequate time for ICE to assume custody of the alien. You may notify ICE by calling 3193643280 during business hours or 3193647017 after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to _____

Return fax to the attention of your local field office.

☒ Notify this office of the time of release at least 30 days prior to the release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

→ ☒ Please cancel the detainer previously placed by this Service on 03/05/2010   is Lawful Permant Resident
Charges Don't Work for him

JUSTIN OSTERBERG, IEA
(Signature of ICE official - on file)       (Title of ICE official)

Receipt acknowledged: 00110657

Date of latest conviction _____   Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)