IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAMON MENDOZA,

           Plaintiff,

v.

JUSTIN OSTERBERG, individually; JOHN DOES #1-5, individually; SARPY COUNTY, NEBRASKA; SHERIFF JEFF DAVIS, and JOHN DOES #6–10,

           Defendants.

8:13CV65

MEMORANDUM AND ORDER

      This matter is before the court on a motion for leave to amend their answer filed by defendants Jeff Davis and Sarpy County, Nebraska (collectively, "the County Defendants" or "the County" and "Sheriff Davis"), Filing No. 86, and on a motion to dismiss filed by Sarpy County and by Sheriff Davis, in his official capacity, Filing No. 87.

      This is an action for deprivation of civil rights and conspiracy under 42 U.S.C. §§ 1983 and 1985(3) against federal and state defendants.  In his amended complaint, the plaintiff generally alleges that he was unlawfully detained for three days based on an improper immigration detainer issued on March 5, 2010, and withdrawn on March 8, 2010.  The plaintiff also asserts state law tort claims.

      The County Defendants seek leave to amend their answer to assert a statute of limitations defense to the plaintiff's civil rights claim, arguing that the plaintiff's amended complaint was filed outside the four-year statute of limitations.  They also move to dismiss under Fed. R. Civ. P. 12(b)(2) (for lack of personal jurisdiction), 12(b)(4) (for insufficient process) and 12(b)(5) (for insufficient service of process).  In addition, they

move for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), asserting the plaintiff's claims are barred by the statute of limitations.

## I. FACTS

The record shows the plaintiff's initial complaint was filed on February 28, 2013. Filing No. 1. "Sarpy County, Nebraska" was included as a defendant in the caption of the case, and was mentioned throughout the pleading. *Id.* The original complaint relates that Sheriff Davis "is a duly elected official empowered by law to operate and control the county jail for Sarpy County, Nebraska" and that "[e]very act or omission attributed to him alleged in this complaint occurred in the course of his employment, under color of state law." *Id.* at 1-2. Sheriff Davis was personally served at the Sarpy County Sheriff's Office. Filing No. 12, Return of Service. A request for additional time to answer was then filed on behalf of both the County and Sheriff Davis. Filing No. 14. Later, an answer to the complaint was filed on behalf of both the County and Sheriff Davis. Filing No. 19. In the answer, defendants alleged "that to the extent the Complaint attempts to sue him in his official capacity, no summons has been properly issued or served upon the County of Sarpy, Nebraska under applicable law, resulting in insufficient process and service of process, and a lack of personal jurisdiction " *Id.* at 9. Sheriff Davis asserts he answered only in his individual capacity. Filing No. 88, Brief at 5-6; see Filing No. 19, Answer at 9; Filing No. 48, answer to amended complaint at 12.

The plaintiff later moved for leave to amend his complaint to: 1) withdraw the claim of Laura Mendoza, 2) substitute Justin Osterberg for one of the John Doe defendants, 3) add a civil rights conspiracy claim, 4) assert a *Bivens* claim against the federal defendants, and 5) limit the 42 U.S.C. § 1983 claim to the state defendants.

Filing No. 39; Amended Motion for Leave to Amend Complaint; *see also* Filing No. 42, Amended Motion.  The amended complaint addressed pleading defects that had been raised in a motion to dismiss filed by the federal defendant.  *See* Filing No. 39, Amended Motion for Leave to Amend Complaint at 2.  The plaintiff was granted leave to amend.  *See* Filing No. 44, Order.

On September 18, 2013, the plaintiff filed his amended complaint.  Filing No. 46, Amended Complaint.  The County was again listed in the caption and again mentioned throughout the complaint.  *Id.*  Again, Sheriff Davis is alleged to be an official acting in the course of his employment under color of law.  *Id.* at 2.  The amended complaint states that John Does 6-10 are or were Sarpy County employees authorized to act on behalf of Sarpy County under color of law, sued as individuals.  *Id.* at 2.  The complaint also alleges that prior to filing the action, the plaintiff "administratively presented his claims to appropriate governing bodies according to the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 *et seq*. and the Federal Tort Claims Act, 28 U.S.C.A. § 2680 *et seq*."  *Id.* at 3.

The County Defendants contend that Sheriff Davis was served in his individual capacity and he answered in his individual capacity only.  Filing No. 88, Brief at 5-6.  On September 24, 2013, a summons was issued for the County in care of the Sarpy County Attorney, L. Kenneth Polikov.  Filing No. 47.  That summons was served via certified mail.[1]  Filing No. 71, Return of Service.  The County and Sheriff Davis filed a joint answer to the amended complaint on September 27, 2013.  Filing No. 48.  The County

---

[1] The proof of service indicates that a "Copy of Summons was forwarded by certified mail to Sarpy County C/O Sarpy County Attorney, L. Kenneth Polikov at the following address: 1210 Golden Gate Dr., Papillion, NE  68046-2889 on the 27th day of September, 2013 as required by Nebraska state law."  Filing No. 71, Return of Service.

3

raised the defense of insufficiency of service and asserted a statute of limitations defense to the state law tort and contract claims. *Id.* at 9, 12.

## II. LAW

A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a). However, the court may properly deny a party's motion to amend its pleading when such amendment would unduly prejudice the non-moving party or would be futile. *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007). The Federal Rules provide for relation back of amendments to a pleading when the amendment "asserts a claim that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); s*ee Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). "To arise out of the same conduct, transaction, or occurrence, the claims must be 'tied to a common core of operative facts.'" *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)).

An amended complaint may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims. *Dodd*, 614 F.3d at 515 (noting that the facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim). When "the amendment changes the party or the naming of the party against whom a claim is asserted," relation back is permitted if, along with asserting a claim that arises out of the same facts as the original pleading, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or

4

should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (i) & (ii).

Under the Federal Rules, "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). Under Nebraska law, "[t]he State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General."[2] Neb. Rev. Stat. § 25–510.02(1). Counties in Nebraska may be served by mail service upon the chief executive officer or on the clerk. Neb. Rev. Stat. § 25-510.02(2) ("[a]ny county, city, or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk."). Individuals may be served by personal, residence, or certified mail service." Neb. Rev. Stat. § 25-508.01(1). Certified mail service is made by "sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery[.]" Neb. Rev. Stat. § 25-505.01(1)(c).

Evidence that service actually reached the intended person strongly supports a conclusion that service is valid because due process has been afforded. *See*

---

[2] That statute provides that "[e]mployee of the state means any one or more officers or employees of the state or any state agency and shall include duly appointed members of boards or commissions when they are acting in their official capacity." Neb. Rev. Stat. § 81-8,210(3).

*Minnesota Mining and Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980) (holding that where actual notice is received, the rules governing service should be liberally construed to uphold the service). Service of process is intended to give notice to a defendant, and due process requires that service of process must be reasonably calculated to reach the defendant. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating "due process [requires] . . . notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). One of the remedial options is the quashing of service but retention of the case so that service may be effected in accord with the Rules. *C & L Farms, Inc. v. Federal Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir. 1985); *Haley,* 529 F.2d at 79. Moreover, a motion to dismiss for insufficiency of service may be denied where there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was not prejudiced. *See, e.g., Gray v. Allied Waste Servs. of Washington*, 2012 WL 2871422, *4 (D. Md. 2012) ("Because Plaintiff is *pro se* and Defendant received actual notice, dismissal for ineffective service of process is inappropriate at this stage."); *Myrtle v. Graham*, 2011 WL 446397 (E.D. La. 2011) (dismissal should not result when plaintiff made good faith attempt to comply with rules for service and defendant did not demonstrate prejudice or lack of actual notice).

6

A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity and the distinction is important, especially with respect to individual damage liability and the State's Eleventh Amendment immunity.[3]  See *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  The general rule in the Eighth Circuit is that "[i]f a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the court] interprets the complaint as including only official-capacity claims."  *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (stating that "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.").

## III.  DISCUSSION

The court first finds that the defendants' motion to amend their answer to assert a statute of limitations defense to the plaintiff's civil rights claim should be denied by reason of futility.  The relation-back doctrine is dispositive on this issue.  The court finds that the claims asserted in the amended complaint relate back to the original complaint.  The claims asserted in the amended complaint arise from the same operative facts as the original complaint.  Further, the record shows that the County Defendants had sufficient notice of the action and will not be prejudiced in defending on the merits.  The County and Sheriff Davis, in his official capacity, knew or should have known that the

---

[3] The County Defendants have not asserted Eleventh Amendment immunity or challenged the propriety of a damages remedy in their motion to dismiss.  The court notes, however, that the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.  *Hafer*, 502 U.S. at 30-31.  Only states and arms of the state possess sovereign immunity from suits authorized by federal law.  *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006).  The Supreme Court has repeatedly refused to extend sovereign immunity to counties. *Id.*  Further, the Eleventh Amendment does not erect a barrier against suits for injunctive relief or suits that impose individual and personal liability for damages on state officials under § 1983.  *Hafer,* 502 U.S. at 30-31.

action would have been brought against them, but for a mistake concerning the parties' proper identities or capacities.

The County was listed in the caption and mentioned throughout both the original and the amended complaints. Both the original and amended complaints refer to Sherriff Davis as a duly appointed official acting in his official capacity. The County appeared and moved for an extension of time in which to file a responsive pleading and later filed an answer on behalf of both Sheriff Davis and the County, albeit asserting insufficiency of process and ostensibly limiting Sherriff Davis's answer to claims against him in his official capacity. Though the County Defendants argue that the original complaint was not clear as to whether Sheriff Davis was sued in his individual or official capacity, the court finds that is not the case. The original complaint expressly asserts an official-capacity claim and Eighth Circuit precedent would require the court to assume it was an official-capacity suit if the complaint were silent on the issue. Sheriff Davis acceded to claims against him in his individual capacity by appearing and answering in that capacity. The County Defendants do not challenge the individual capacity claims in this motion. At this juncture, there is no real dispute with respect to whether Sheriff Davis was sued in his individual or his official capacity—he was sued in both.

It is clear from the record that the County Defendants had actual notice of the plaintiff's lawsuit from the outset. Though service may not have been in technical compliance with Nebraska law, the County Defendants have not argued or shown that they have been in any way prejudiced by the manner of service.[4]  Under the

---

[4] In fact, the plaintiff would be unduly prejudiced if the court were to dismiss for insufficiency of process under the defendants' theory. The County Defendants candidly admit in briefing that the statute

8

circumstances, the court finds justice would not be served by dismissing the action against the County or against Sheriff Davis in his official capacity for insufficiency of service. The court finds that the service of process on the County Defendants substantially complied with Nebraska and federal law and provided actual notice to the County and to Sheriff Davis in both his official and individual capacities. The remedy for technical noncompliance would be to properly effect service under the Nebraska statute, but that would be a meaningless exercise in view of the fact that the County Defendants have actual notice and have entered their appearance.

Resolution of the relation-back and sufficiency of process issues is dispositive of the County Defendants' statute-of-limitations motion. The claims in the amended complaint relate back to the claims asserted in the original complaint. The events at issue occurred in May 2010, and the plaintiff's original complaint was filed on February 28, 2013, well within the statute of limitations on the civil rights claim. As for the state-law claims, the court is bound to accept the pleadings alleged in the amended complaint as true. The amended complaint alleges timely compliance with the Federal and State Tort Claims Acts. Accordingly, the court finds the defendants' motion to dismiss for failure to state a claim should be denied.

---

of limitations defense to the plaintiff's civil rights claim could not have been raised in their original answer in September 2013 "as the statute had not yet expired at that time, and the defense did not arise and become available until the statute later expired in March of 2014." Filing No. 90, Brief at 4. The court finds it disingenuous for a defendant with actual notice of a claim to effectively "lie in waiting" for a statute of limitations to expire before challenging service of process.

IT IS ORDERED:

1. Defendants Jeff Davis's and Sarpy County's motion for leave to amend their answer (Filing No. 86) is denied.

2. Defendants Jeff Davis's and Sarpy County's motion to dismiss (Filing No. 87) is denied.

DATED this 31st day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge