IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAMON MENDOZA, | |
| Plaintiff, | 8:13CV65 |
| vs. | |
| JUSTIN OSTERBERG, individually; JOHN DOES # 1-5, individually; SARPY COUNTY, NEBRASKA; SHERIFF JEFF DAVIS; and JOHN DOES # 6-10, | ORDER |
| Defendants. | |

This matter is before the court on the defendants', Sarpy County (County) and Sheriff Jeff Davis (Davis), Motion to Reconsider and/or Modify Second Amended Progression Order (Filing No. 145). The defendants filed a brief (Filing No. 147) and index of evidence (Filing No. 146) in support of the motion. On January 30, 2015, the plaintiff filed a motion to extend certain pretrial deadlines by sixty days. **See** Filing No. 143. The court granted the motion February 2, 2015, before the defendants filed an opposition. **See** Filing No. 144. The defendants state they agree with the extended deadlines for the reason the plaintiff has not yet received his "A-file" and are willing to agree to certain discovery, such as Davis' deposition and/or a Rule 30(b)(6) deposition. **See** Filing No. 147 - Brief p. 1-2. However, the defendants argue there is no "justification for unlimited discovery to continue against them within the scope of qualified immunity" and "request [the court to] impose certain limitations on the scope of further discovery requests . . . within the scope of Davis's qualified immunity assertion." *Id.* at 2. The defendants argue the plaintiff's conduct in advancing discovery has been dilatory and reasonable limitations on discovery are warranted. *Id.* at 2-14. The defendants propose the following limitations on additional discovery:

> 1) Deposition of Justin Osterberg (Osterberg);
> 2) Rule 30(b)(6) deposition of the County or, alternatively, the deposition of Greg London, the Captain of the Jail in the relevant time period;
> 3) Deposition of Davis;

> 4) Any discovery made necessary by any newly discovered evidence within the contents of Plaintiff's A-file upon receipt of the same; and
> 5) Any other discovery agreed to by the parties or sought by advance motion with specific description of how it is relevant to Davis or Osterberg's qualified immunity assertions and an explanation as to why it could not have been sooner sought with due diligence.

*Id.*

As the plaintiff represented, "no party has yet seen the A-file, [thus] it is unreasonable and unduly prejudicial to insist that any party's further discovery should be further restricted."  **See** Filing No. 143.  The court understands the defendants' frustration in the plaintiff's inability to specifically identify future discovery requests; however, the court also understands the plaintiff's inability to identify further discovery *without first reviewing the A-file*.  After carefully reviewing the defendants' motion, the court finds the defendants' proposed limitations are synonymous with the current limitations on discovery.  Essentially, as stated in the defendants' third limitation, any additional discovery, beyond that which has been offered or agreed upon, is limited to "discovery made necessary by any newly discovered evidence within the contents of Plaintiff's A-file" and to the issue of qualified immunity as ordered in the court's September 4, 2014, initial progression order.  **See** Filing No. 103 - Order.  Any concern the defendants have with adding new parties is assuaged by the fact that deadline has passed and the plaintiff has not sought an extension of that deadline.  Nevertheless, the court will caution the plaintiff to avoid subjecting the defendants to any broad reaching discovery or discovery unnecessary to resolve the qualified immunity issue.  Accordingly,

**IT IS ORDERED**:

The defendants' Motion to Reconsider and/or Modify Second Amended Progression Order (Filing No. 145) is denied.

Dated this 3rd day of February, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge